**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard D Harvey,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-20-00476-PHX-DWL<br><br>**ORDER** |

On March 2, 2020, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner thereafter filed an amended petition (Doc. 7) and a second amended petition (Doc. 15), the latter of which serves as the operative pleading ("the Petition") in this case. On September 2, 2020, Magistrate Judge Fine issued a Report and Recommendation ("R&R") concluding the Petition should be dismissed with prejudice. (Doc. 27.) Afterward, Petitioner filed objections to the R&R (Doc. 28) and Respondents filed a response (Doc. 29). For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.    <u>Background</u>

*The Guilty Plea And Sentencing*. In 2016, Petitioner was charged with various drug crimes. (Doc. 27 at 2.) While represented by counsel, Petitioner pleaded guilty. (*Id.*) Sentencing took place on April 25, 2018. (*Id.*) Petitioner received a 6.5-year sentence, which was less than the presumptive sentence, with credit for time served. (*Id.*) Petitioner also received, and signed, a "Notice of Rights of Review after Conviction and Procedure"

form, which explained that there is no right of appeal after a guilty plea, that a petition for post-conviction relief ("PCR") is the proper method to seek relief after a guilty plea, and that a PCR notice must be filed within 90 days of entry of judgment. (*Id.*)

*PCR Proceedings*. Petitioner did not file a notice of appeal and did not file a PCR notice within 90 days of entry of judgment.

In early 2020 (*i.e.,* more than a year and a half after entry of judgment), Petitioner filed an untimely PCR notice. (*Id.* at 3.) Among other things, the PCR notice asserted that Petitioner had not received full presentence incarceration credit. (*Id.*) The superior court denied relief, holding that most of Petitioner's challenges were untimely without excuse and that the credit-related challenge failed on the merits. (*Id.*)

Petitioner did not seek further review of the denial of PCR relief. (*Id.*)

*The Petition*. As noted, Petitioner initially filed a § 2254 petition on March 2, 2020, and his operative Petition is deemed filed as of that date. Petitioner asserts two grounds for relief: (1) Fourth Amendment violations arising from the search that led to Petitioner's arrest and prosecution; and (2) an alleged violation of Petitioner's Sixth Amendment rights to a speedy trial and to effective assistance of counsel. (*Id.* at 3.) The Petition also asserts that Petitioner didn't seek relief earlier because "[t]he facts are it took me a while to study the laws and the Constitution Rights along with reasons that I didn't know any legal opportunities to aid and protect my rights. I was constructively denied counsel and completely lost trust in the Judicial system of the State of Arizona and County of Maricopa." (*Id.*)

*The R&R*. The R&R concludes the Petition should be dismissed with prejudice because it was filed outside AEDPA's one-year statute of limitations. (*Id.* at 4-11.) Specifically, the R&R explains that Petitioner's state-court conviction became final on July 24, 2018 (*i.e.,* 90 days after entry of judgment), the one-year statute of limitations expired on July 24, 2019, and Petitioner's habeas filing in March 2020 therefore came too late. (*Id.* at 4-6.) The R&R further explains that (1) Petitioner isn't entitled to statutory tolling because he didn't file his PCR notice until early 2020, which was after the statute of

limitations had already expired; (2) Petitioner isn't entitled to equitable tolling (a) because his *pro se* status, indigence, limited legal resources, ignorance of the law, and lack of representation don't constitute "extraordinary circumstances," (b) although he asserted in his reply that he lacked access to the prison legal library until January 2019, this still left him with ample time to seek relief before the July 2019 deadline, and (c) he hasn't, in any event, shown that he was diligent in seeking relief; and (3) Petitioner isn't entitled to the equitable exception for actual innocence.  (*Id.* at 6-11.)

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it.  Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules").  Those objections must be "specific."  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

District courts are not required to review any portion of an R&R to which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Thus, district judges need not review an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections.  General objections that do not direct the district court to the issues in controversy are not sufficient. . . .  [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

III.	Analysis

In his objections to the R&R, Petitioner seems to raise two arguments. (Doc. 28.) First, Petitioner contends he is entitled to equable tolling because "[h]ow do[] I prove my due diligence of learning the laws and my constitutional rights on my behalf being incarcerated in a totally locked down DOC facility?" (*Id.* at 1.) Second, Petitioner contends that Respondents' failure to address his Fourth and Sixth Amendment claims on the merits demonstrates his entitlement to relief on those claims. (*Id.* at 1-2.)

Respondents only address Petitioner's first argument. (Doc. 29.) They contend that the "current lockdown" in Petitioner's facility "did not affect his due diligence when failing to properly present his claims to this Court." (*Id.* at 2.)

Petitioner's objections lack merit. As the R&R correctly notes, the key period for assessing equitable tolling is the one-year period after Petitioner's state-court conviction became final, *i.e.,* from July 2018 to July 2019. This period predates the COVID-19 pandemic, so the current lockdown in Petitioner's facility is irrelevant. As for earlier lockdowns, Petitioner stated in the reply in support of the Petition that when he arrived at the Yuma facility, it was "on a total lockdown because of a riot that occurred . . . before I arrived," but the lockdown only lasted "until Jan 2019" at which point the facility "return[ed] to normal operations." (Doc. 26 at 6.) Given this backdrop, the Court agrees with and adopts the R&R's conclusion that Petitioner is not entitled to equitable tolling. There were no extraordinary circumstances that prevented Petitioner from seeking relief by July 2019—and, indeed, Petitioner did not file his PCR notice until early 2020 and did not file his habeas petition until March 2020.

In light of this finding of untimeliness, there is no need to reach Petitioner's second objection, which concerns the substantive merit of his habeas claims.

Accordingly, **IT IS ORDERED** that:

(1)	Petitioner's objections to the R&R (Doc. 28) are **overruled**.

(2)	The R&R's recommended disposition (Doc. 27) is **accepted**.

(3)	The Petition (Doc. 15) is **dismissed with prejudice**.

(4)   A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

(5)   The Clerk shall enter judgment accordingly and terminate this action.

Dated this 14th day of October, 2020.

_____
Dominic W. Lanza
United States District Judge